**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAKEVIEW PHARMACY OF RACINE, INC.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:15-290** |
| : | |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **CATAMARAN CORPORATION,** : | |
| : | |
| **Defendant** : | |
| : | |

## MEMORANDUM

Pending before the court is the plaintiff's request for the court to compel discovery.[1]/[2] Upon review, the plaintiff's request will be **GRANTED IN PART**.

Relative to the plaintiff's request, the amended complaint in this action contains two counts. The first count is for express breach of contract premised on three theories: (1) the defendant's failure to use certain independent sources in its maximum allowable cost ("MAC") pricing methodology constituted a breach of contract; (2) the defendant's decision to set reimbursement prices below acquisition costs constituted a breach of contract; and (3) the defendant's use of multiple MAC prices for

---

[1]The factual and procedural background of this action has been set forth in prior memoranda issued by the court and will not be repeated herein.

[2]The court notes that there is a parallel request for discovery pending in the related case of Mabe, et al. v. Optum RX, Civil Action No. 3:17-1102. The court will issue a separate memorandum and order in that case.

reimbursement constituted a breach of contract. The second count of the amended complaint is based on the implied duty of good faith and fair dealing in relation to the defendant's handling of MAC pricing appeals.

In the course of discovery, the plaintiff served the defendant with various requests for production of documents and interrogatories which were objected to by the defendant. Of relevance here, the plaintiff sought the production of the defendant's entire MAC appeal database. The defendant objected to disclosing information relating to its MAC appeal database that relates to MAC appeals submitted by pharmacies other than the plaintiff[3] on the grounds of relevance, over breadth and undue burden. After attempting to informally resolve their discovery dispute, the parties requested a telephonic conference with the court. A conference call was held and, after hearing the parties' respective positions, the court agreed that the information sought by the plaintiff is relevant to the plaintiff's claims, but directed the parties to file briefing related to the issue of proportionality. The parties' briefs are before the court. (Doc. 79, Doc. 80, Doc. 83).[4]

---

[3]The defendant provides that it previously produced portions of the MAC appeals database relating to MAC appeals initiated by the plaintiff.

[4]It is noted that the parties were directed to file briefs specifically addressing the issue of proportionality and, it follows, the proportionality factors as they relate to the instant discovery dispute. Upon review, the
(continued...)

In considering the plaintiff's request, the general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Discovery is deemed relevant "if there is any possibility that the information may be relevant to the general subject matter of the action." Kegerise v. Susquehanna Township School District, 2016 WL 2736048 at *1 (M.D.Pa. May 11, 2016) (citations omitted). Because Fed.R.Civ.P. 26(b)(1) provides for a broad scope of discovery, courts often apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citation omitted).

Nevertheless, even relevant discovery may be limited under certain

---

[4](...continued)
plaintiff's brief lists the proportionality factors, but fails to substantively discuss each of the factors and how they weigh in favor of compelling discovery on the facts of this case. Moreover, the first 7 ½ pages of the defendant's brief are dedicated to the relevance of the plaintiff's discovery requests, with only the final 2 pages summarily discussing the proportionality factors in relation to the instant action.

circumstances. In this regard, the 2015 amendment to Fed.R.Civ.P. 26 reinforces the shared obligation of the parties, counsel, and the court "to consider the proportionality of all discovery and consider it in resolving discovery disputes." The Advisory Committee notes explain:

> A party claiming undue burden or expense ordinarily has far better information - perhaps the only information - with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed.R.Civ.P. 26 cmt. (2015).

Where a party moves to compel discovery, the burdens remain unchanged. "The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Floyd v. Olshefski, 2016 WL 738819 at *1 (M.D.Pa. Feb. 22, 2016) (citations omitted).

Issues relating to the scope of discovery permitted under Fed.R.Civ.P. 26 rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the

4

conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

As provided above, when defining the scope of discovery, the amendment to Fed.R.Civ.P. 26 requires courts to consider the following factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, (6) and whether the burden or expense of the proposed discovery outweighs its likely benefit. Proportionality determinations are made on a case-by-case basis with the aforementioned factors, and "no single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional." Capetillo v. Primecare Med., Inc., 2016 WL 3551625, at *2 (E.D. Pa. June 29, 2016) (citations omitted).

Considering the proportionality factors in this case, the first factor, the importance of the issues at stake in this action, requires the to court examine "'the significance of the substantive issues, as measured in philosophic, social, or institutional terms.'" Fed.R.Civ.P. 26(b)(1) (quoting the 1983 Committee Note). "[C]ases in public policy" or ones that "seek[ ] to vindicate vitally important personal or public values," such as "employment practices"

5

and "free speech" are included among these issues. Id. The instant action presents claims for breach of contract and breach of the implied duty of good faith and fair dealing. Beyond the parties involved in this case, it does not appear that these issues deal with "vitally important personal or public values". Therefore, this factor weighs against requiring the defendant to produce the proposed discovery.

In considering the second proportionality factor, the amount in controversy, the court looks to the cost of discovery and compares it to the amount in controversy to determine its proportionality. See Bell v. Reading Hosp., 2016 WL 162991 at *3 (E.D.Pa. Jan. 14, 2016). Here, the defendant has stated that "the cost of compliance with Lakeview's discovery to date, including extensive document requests, interrogatories and depositions, far exceeds the likely value of Lakeview's claim and additional discovery regarding marginally relevant information cannot be justified." The defendant has not, however, provided any tangible information with regard to the costs of discovery. As to the amount in controversy in this case, the only indication as to this is contained in the amended complaint which simply alleges that damages exceed the jurisdictional amount of $75,000. Otherwise, the plaintiff seeks "all available damages based on [defendant's] long-running and varied breaches of contract" and retroactive damages for "the difference between the

reimbursement rates established by it's PSAO's successful MAC pricing appeals and the amounts the plaintiff was being reimbursed for those particular drug claims prior to the successful appeals". There is, however, no indication or estimation on the record as to value of these damages. As noted in the court's prior decision granting the defendant's motion to quash, (Doc. 86), the defendant has pointed out that Lakeview's CEO and President testified that he "does not even know whether Lakeview has sustained a dollar of loss as a result of Catamaran's setting prices below Lakeview's acquisition costs" and that he "can't substantiate" whether Lakeview has sustained even a dollar of loss as a result of Catamaran's refusal to grant retroactive relief for a successful MAC appeal. Given the sparsity of information relating both to the costs of discovery to the defendant and the damages in this case to the plaintiff, the court finds that it cannot weigh this factor in either party's favor.

As to the third factor, the parties' relative access to the relevant information, this factor weighs in favor of the plaintiff. This factor is concerned with "[i]nformational asymmetry" where one party has access to relevant information that the other party does not. See Fed.R.Civ.P. 26, Advisory Committee Notes, 2015 Amend. Where this is the case, "the burden of responding to discovery lies heavier on the party who has more information . . ." Id. The defendant argues that this factor weighs in its favor because the

plaintiff previously subpoenaed pricing data from drug wholesalers and others. While the plaintiff may have obtained pricing data from others, there is no indication that those sources would be in possession of information sought by the plaintiff specific to the defendant. As one example, the plaintiff seeks information as to the factors considered by the defendant in determining MAC appeals for those drugs for which the defendant paid the plaintiff an amount below the acquisition cost. There is no indication that third parties would have this of information which is specific to the defendant and, therefore, the court finds that this factor weighs in favor of the plaintiff.

With respect to the parties' resources, the fourth factor which the court must consider, this factor looks to a party's ability to fulfill the discovery request, especially financially. See Fed.R.Civ.P. 26, Advisory Committee Notes, 2015 Amend. In considering this factor, however, the court should "'prevent [the] use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent.'" Neither party has addressed this factor. The pleadings, however, would seem to indicate that this factor weighs in the plaintiff's favor. In this regard, the plaintiff is an independently owned community pharmacy. The defendant, on the other hand, is formerly known as SXC Health Solutions ("SXC"). Among other things, the pleadings demonstrate that SXC entered into a merger agreement

8

with Catalyst Health Solutions, Inc. ("Catalyst"), through which SXC acquired Catalyst for $4.4 billion. SXC then rebranded itself as Catamaran. Catamaran is also the successor-in-interest to Restat LLC and Walgreens Health Initiative, among other pharmaceutical benefit managers ("PBM"). Catamaran owns a subsidiary PBM called Catamaran PBM of Pennsylvania, LLC, d/b/a/ FutureScripts, which processes approximately 14 million prescriptions and manages a drug spend of more than $890 million, annually. Catamaran also merged with Optum, owner of PBM Optum Rx, and the two were expected to serve more than 65 million people and fulfill more than 1 billion prescriptions in 2015 alone. It would appear then, based on the pleadings, that the defendant would have sufficient resources to respond to the plaintiff's discovery requests.

The fifth factor directs the court to consider the importance of discovery in resolving the issues of the case. In addressing this factor, the defendant argues that the requested discovery is irrelevant; however, the court has already determined that the discovery requests are relevant. In considering this factor, the court looks to whether the discovery request goes to a central issue in the case and the importance of the discovery in resolving the issue at hand. The plaintiff requires the information, which is in the defendant's possession and relates to both counts of the complaint, in order to determine

9

the extent of the alleged misconduct of the defendant and any resulting damages. The court finds that the relevance of the information to the claims raised weighs in favor of discovery.

Finally, as to the sixth factor, the burden or expense of discovery for the defendant, the party claiming a burden or expense must specifically demonstrate it, while the party seeking the discovery should show the benefit of the discovery. Fed.R.Civ.P. 26, Advisory Committee Notes, 2015 Amend. With respect to this factor, the court essentially combines the above factors to consider the overall burden versus benefit. Id. The defendant does not address this factor directly in its proportionality discussion, but does provide in its brief that between 2014 and 2016, it received approximately 4 million appeals from network pharmacies concerning claims that it administered on behalf of its clients, and that the MAC appeals database contains extensive data regarding all of the appeals submitted. According to the defendant, it has already produced portions of the MAC appeals database relating to the appeals initiated by the plaintiff during 2014, 2015 and 2016, which related to a single MAC list, the Cigna Med D Plan. The defendant presents that the plaintiff has requested production of the entire MAC appeals database, including data relating to millions of MAC appeals initiated by other pharmacies and involving plans or MAC lists other than the Cigna Med D Plan

for each year from 2012 through 2017. The defendant argues that "vast quantities" of this information relate to appeals that were denied for reasons unrelated to the relationship between the MAC price and drug acquisition costs. For example, the defendant argues that appeals are denied because they are untimely, incomplete information was provided or the appeal concerned reimbursement that was not related to MAC pricing. To be required to produce such information which is unrelated to the plaintiff's claims, the defendant argues, would be overly burdensome. The defendant further argues that the plaintiff's request is otherwise disproportionate to the needs of the case, but does not specifically discuss the burden that would be placed upon it to produce the discovery either in terms of the cost or man hours. Where a party claims that a discovery request imposes undue burden, it should at least provide some indication as to the time, cost and procedure which will be required to produce the discovery. For the plaintiff's part, it argues that the benefit of having the information would be its contribution to establishing the extent of the alleged misconduct of the defendant and any resulting damages. The court finds that, overall, the benefit to the plaintiff outweighs the burden upon the defendant in producing that discovery which is related to the plaintiff's claims. The court recognizes, however, that the plaintiff is not in need of the entire contents of the MAC appeal databases,

including that information which is not related to its claims. This factor, therefore, partially weighs in favor of each party.

In sum, the court has previously determined that the plaintiff's discovery requests are generally relevant to the claims at hand under Fed.R.Civ.P. 26. Weighing the factors outlined in Fed.R.Civ.P. 26(b)(1), the court is convinced that the potential burden imposed upon the defendant in producing the requested discovery is not outweighed by the presumption of disclosure and the benefit of the information to the plaintiff. Therefore, the court finds that the plaintiff's request to compel discovery should be granted. In granting the plaintiff's requests, the court notes that, subsequent to the discovery dispute conference in this matter, and in an attempt to address the defendant's proportionality concerns, the plaintiff's counsel proposed that, rather than produce the entire contents of the MAC database, the defendant produce a sampling from the database. (Doc. 79, Ex. C). In this regard, the plaintiff proposed three alternative methods of sampling:

- It would seem to us that the least expensive option would be for Catamaran to produce the entire database for each year [2014-2016], simply stripping out personal health information. We would be willing to eliminate 2012.

- Another option would be to look at all the generic drug prescriptions actually filled by Lakeview during the relevant time period and do an electronic match between those drugs and the MAC appeals. For instance, we have already

> produced spreadsheets for all Lakeview generic prescriptions filled for Catamaran in 2013 and 2014 (See Lakeview 370-373). One could take those prescriptions and query Catamaran's MAC appeal database for any prescription with the same NDC or drug name filled within seven days of the Lakeview generic prescription. This would ultimately result in the production of less than all of Catamaran's MAC appeals, but would require some time and effort to do the matching.

> ▸ A third option would be to select a number of generic drugs, e.g. Lakeview's top 100 best selling generic drugs, and simply ask for Catamaran to produce the MAC appeal data for those generic drugs.

(Doc. 79-3). The defendant apparently rejected each of the plaintiff's proposals and did not provide any counterproposals for sampling. Because the factors in Fed.R.Civ.P. 26(b)(1) weigh favor of granting the plaintiff's discovery requests, but the materials before the court indicate that there is a tremendous amount of information contained in the MAC appeals database, the court finds that a sampling of the MAC appeals database is a reasonable method to address the defendant's proportionality concerns. As such, the court will direct that the defendant comply with the plaintiff's first sampling suggestion.[5] The plaintiff has surmised that its initial sampling suggestion, which eliminates appeals dating back to 2012 and seeks production of the

---

[5]This is the sampling method the court will direct. However, the parties are free to agree upon another method.

MAC appeal database only for the years 2014-2016, is the least expensive. As discussed above, however, the defendant has argued that "vast quantities" of the MAC appeals were denied for procedural reasons or were not related to MAC pricing reimbursements. Therefore, the court will direct that the defendant need not produce any information relating to appeals which were denied as untimely or incomplete, or those appeals which were not based on reimbursement related to MAC pricing. The court will further direct that the defendant need not produce those portions of the MAC appeals database which were already produced relating to appeals initiated by Lakeview.

In light of the above, the plaintiff's request for discovery will be granted, in part. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 13, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-290-05.wpd